IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN D. ROUSH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:05-cv-0447 |
| | ) Judge Thomas M. Hardiman |
| GARY C. HORNER, individually, | ) |
| as attorney for the Estate of Mary | ) |
| Chalkey, and as an attorney with | ) |
| the law firm Spence, Custer, Saylor, | ) |
| Wolfe and Rose, and as guardian | ) |
| ad litem for Mary Chalkey, and | ) |
| MARY CHALKEY a/k/a/ MARY | ) |
| MATULA, deceased, now the ESTATE | ) |
| of MARY CHALKEY and THE | ) |
| ESTATE OF MARY CHALKEY | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

**I.   Introduction**

Plaintiff Franklin D. Roush, Jr. (Roush) filed this *pro se* civil rights action on December 6, 2005. Roush alleges that his constitutional rights under the Fifth and Fourteenth Amendments were violated during an equity proceeding conducted by the Court of Common Pleas of Cambria County, in which Defendant Gary Horner (Horner) represented Mary Chalkey (Chalkey), now deceased, as guardian *ad litem*. Roush claims that two state court judges, who presided over various stages of the litigation, violated his constitutional rights. Defendants Horner and the Estate of Mary Chalkey (Estate) have filed a motion to dismiss arguing: (1) Roush's complaint fails to state a claim upon which relief can be granted; (2) the Court lacks subject matter jurisdiction; and (3) the claims are untimely. For the reasons that follow, the Court will grant Defendants' motion and dismiss Roush's complaint.

## II. Analysis

The Court notes initially that Roush is representing himself in this case. Because Roush is an attorney, however, the Court will not view his pleadings with the same liberality accorded to those who are unskilled in the law.

Rule 12(b)(6) motions challenge the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Id.* "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *In re Rockefeller Center Properties Inc.*, 311 F.3d 198 (3d Cir. 2002). While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1429 (3d Cir. 1997); *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2 (1977).

Although Roush briefly mentions Horner and the Estate in his complaint, the gravamen of his complaint is that Judges Timothy P. Creany and Norman A. Krumenacker III of the Court of Common Pleas of Cambria County, Pennsylvania, deprived him of his rights under the Fifth and Fourteenth Amendments to the Constitution. He does not specify under which statute his claim arises, and in fact merely makes factual allegations and prays for relief. The Court construes Roush's complaint as arising under 42 U.S.C. §1983.

To state a claim under §1983, a plaintiff must establish that the defendant acted under color of state law and denied plaintiff a federally protected constitutional or statutory right. *Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). The plaintiff bears the burden of proving that the defendant is a state actor under §1983. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d. Cir. 1995) citing *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint is devoid of any allegation that Defendants acted under color of state law. Although Horner and the Estate are the named Defendants in this case, Roush's allegations relate almost entirely to the conduct of Judges Creany and Krumenacker during the equity proceeding in which they all participated. Neither of the judges are named parties to this suit, and thus to prevail on his claim Roush must demonstrate that either Horner or the Estate was a state actor for purposes of §1983.[1] The closest that Roush comes to alleging that Horner was a state actor is in paragraph 28 of his complaint, when he claims that "Creany and Horner intentionally as officers of the court, committed fraud upon the court that seriously affected the integrity of normal process of adjudication."

In *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982), the Supreme Court established a two prong test to determine when the actions of a private party implicate liability under section 1983:

---

[1] Naming Judges Creany or Krumenacker would have been futile in any event because they are entitled to absolute judicial immunity. Judges are immune from liability when they possess jurisdiction over the subject matter and they are performing judicial acts. *Stump v. Sparkman*, 435 U.S. 349 (1978). Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, or were outside of the judge's authority. *Id.*

3

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a [1] state official, because he has [2] acted together with or has obtained significant aid from state officials, or because his [3] conduct is otherwise chargeable to the State.

*Lugar*, 457 U.S. at 937. The Court in *Lugar* identified several possible tests to determine whether a private party is a state actor. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978) (joint action test); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974) (nexus test); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) (state compulsion test); *Marsh v. Alabama*, 326 U.S. 501 (1946) (public function test). The Court then adopted a case-by-case analysis, which requires a careful examination of the facts and circumstances of each case in search of State involvement in conjunction with the actions of the private party. *Lugar*, 457 U.S. at 939.

The Court of Appeals for the Third Circuit applied the *Lugar* test in the seminal case of *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir. 1994). In *Jordan*, the Court found that a landlord and his attorneys were state actors when they acted in conjunction with a state official (the local sheriff) to execute on a confessed judgment. *Id. at 1255-56*. The Third Circuit stated that for a private party to qualify as a state actor under §1983, "the state must significantly contribute to the constitutional deprivation, e.g., authorizing its own officers to invoke the force of law in aid of the private persons' request." *Id.* at 1266.

Some five years after its decision in *Jordan*, the Court of Appeals reiterated that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico*, 184 F.3d at 277 citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Thus, for Horner to be a state actor under §1983, he must

have acted in conjunction with state officials or taken an action "otherwise attributable to the state." *Lugar*, 457 U.S. at 937. Additionally, the state must have made a significant contribution to Horner's unconstitutional action. *Jordan*, 20 F.3d at 1266.

Roush does not assert that Horner's actions resulted in the constitutional deprivations. Accepting as true all of the allegations in the complaint, the Court finds no evidence that the state in any way "invoke[d] the force of law in aid of the private persons' request," or otherwise cloaked Horner with its authority in a manner sufficient to trigger §1983 liability. Accordingly, Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant Horner under 42 U.S.C. §1983.

Roush argues in his response to Defendant's motion to dismiss that the Estate was used as a tool to further the constitutional violation at issue. But the complaint does not allege that the Estate played any role in the actions of Judges Creany or Krumenacker. Roush does not offer any theory under which the Estate could be considered a state actor, and thus the claim fails as to the Estate as well.

Even assuming, *arguendo*, that Horner or the Estate were a state actor for the purposes of §1983, Roush's claims are barred by the statute of limitations. The Third Circuit has held that the Pennsylvania two year statute of limitations for personal injury suits applies to §1983 cases. *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993). The complaint alleges that the last act that violated Roush's constitutional rights, the final decree upholding Judge Creany's original judgment, was entered on May 22, 2003. The "limitations period begins to run from the time the cause of action accrued. A claim arising under Pennsylvania law accrues at the occurrence of the final significant event necessary to make the claim suable." *Ross v. Johns-Manville Corp.*, 766

F.2d 823, 826 (3d Cir. 1985) (internal citations omitted). The activity that allegedly caused Roush's injury occurred, at the latest, in May of 2003 and was the final significant event that comprises his claim. The complaint was filed on December 6, 2005, more than two years after May 22, 2003. Accordingly, even if Roush's complaint had stated a claim upon which relief may have been granted, his claims would have been time-barred.

    An appropriate order follows.

Dated: January 25, 2006

                                        Thomas M. Hardiman
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN D. ROUSH, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY C. HORNER, individually, )<br>as attorney for the Estate of Mary )<br>Chalkey, and as an attorney with )<br>the law firm Spence, Custer, Saylor, )<br>Wolfe and Rose, and as guardian )<br>ad litem for Mary Chalkey, and )<br>MARY CHALKEY a/k/a/ MARY )<br>MATULA, deceased, now the ESTATE )<br>of MARY CHALKEY and THE )<br>ESTATE OF MARY CHALKEY )<br>)<br>Defendants. ) | 3:05-cv-0447<br>Judge Thomas M. Hardiman |

### ORDER

AND NOW this 25th day of January, 2006, upon consideration of Defendants' Motion to Dismiss (Doc. No. 14) and Plaintiff's responses thereto, it is hereby

ORDERED that said Motion is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The Clerk is to mark this case CLOSED.

BY THE COURT:

Thos M. Hardiman
Thomas M. Hardiman
United States District Judge

cc: All Counsel of Record