## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN D. ROUSH, JR, <br><br> Plaintiff, <br><br> v. <br><br> GARY C. HORNER *Individually, as attorney for the Estate of Mary Chalkey, and as an attorney with the law firm Spence, Custer, Saylor, Wolfe and Rose, and as guardian ad litem for Mary Chalkey,*  MARY CHALKEY *deceased, now THE ESTATE OF MARY CHALKEY also known as* MARY MATULA, THE ESTATE OF MARY CHALKEY, <br><br> Defendants. | Civil Action No.  05-447 |

### MEMORANDUM ORDER

CONTI, District Judge

Pending before this court is the motion (Doc. No. 30) of defendants Gary Horner ("Horner") and the Estate of Mary Chalkey (collectively "defendants") to dismiss the complaint filed by Franklin D. Roush, Jr. ("Roush" or "plaintiff"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants argue, *inter alia*, that the complaint must be dismissed under Rule 12(b)(1) because the court does not have subject-matter jurisdiction over the case.  In response, plaintiff rejoins that the court has subject matter jurisdiction by reason of his claims arising under the Fifth and Fourteenth Amendments of the United States Constitution. The court agrees with defendants' jurisdictional challenge.  Therefore, plaintiff's complaint will be dismissed.  Defendants' other arguments are moot as a result of the determination that this court does not have subject-matter jurisdiction over the case.

*Factual Background*

The following statement of facts is taken from plaintiff's second amended complaint

("complaint")[1] and other documents of record.[2]  On December 4, 1995, plaintiff purchased a tract

of land from Mary Chalkey ("Chalkey") for $76,000.  Chalkey, however, continued to live on the

land until July 29, 1997, when an electrical fire burned down the house.  On October 7, 1997,

Chalkey initiated an action in equity to void plaintiff's deed in the Court of Common Pleas of

Cambria County, Pennsylvania.  The court of common pleas granted a temporary injunction

against plaintiff related to the subject property.  Following an initial hearing, the trial court

continued the injunction pending the outcome of a trial on the merits.  The state trial court also

appointed Horner as Chalkey's guardian ad litem and counsel.  Plaintiff contends that during the

hearing related to the preliminary injunction, the state trial court acted as an adversary and

refused plaintiff the opportunity to question witnesses and to testify on his behalf.  Plaintiff

argues that the state trial court's actions were in violation of his due process rights guaranteed by

the Fifth and Fourteenth Amendments of the Constitution of the United States.

On July 13, 1998, the state trial court conducted a trial on the merits.  Chalkey, whose

estate is a defendant in this case, presented no evidence during this trial.  Plaintiff, therefore,

made a motion to dismiss the matter which was denied by the state trial court.  Following the

state trial court's ruling on the motion to dismiss, plaintiff called one witness who briefly

---

[1]        Plaintiff's complaint is lengthy, thirty-three (33) pages, and sets forth detailed factual allegations in one hundred and forty-one (141) paragraphs.

[2]        Defendants' chronology of events and supporting documents (Doc. No. 41) and plaintiff's response and supporting documents to defendants' chronology of events (Doc. No. 44).

testified on plaintiff's behalf.  Upon completion of the testimony, the state trial court

incorporated the record from the prior preliminary injunction hearing.  Plaintiff then made a

second motion to dismiss, which also was denied by the state trial court.  Subsequently, on

August 11, 1998, the state trial court found in Chalkey's favor and held that the conveyance of

the subject land was null and void.

Upon receiving the state trial court's opinion, plaintiff's attorney did not file a post-trial

motion but instead filed a notice of appeal on September 8, 1998.  Following the filing of the

notice of appeal, the state trial court directed plaintiff to file a concise statement of matters

complained of on appeal.  Pursuant to the state trial court's order, plaintiff provided a statement

for the court's review.  The statement of matters complained of alleged the following judicial

errors:  (a) no evidence of a confidential relationship; (b) placing the burden on Roush to prove

that the sale of the property in question was fair under all of the circumstances; (c) the

comparison of potential sale prices of the property; (d) the state trial court's findings of fact were

tainted as a result of the judge having been advised of settlement discussions and potential offers

to purchase the property which post-dated the time of sale; and (e) failure to grant Roush's

motion to dismiss and incorporation of prior testimony.  On April 21, 1999, the Superior Court of

Pennsylvania affirmed the trial court's decision.

Following the superior court's ruling, plaintiff filed an application for re-argument with

the Superior Court of Pennsylvania, which was granted on June 25, 1999.  More than one year

later, on August 7, 2000, the superior court vacated the state court's order and remanded the

matter to the Court of Common Pleas of Cambria County, Pennsylvania so that the state trial

court could determine whether the *sua sponte* incorporation of evidence presented at the earlier preliminary injunction hearing during the trial on the merits was error.

As a result of the superior court's ruling, Chalkey filed a petition for allowance of appeal in the Supreme Court of Pennsylvania. The Pennsylvania Supreme Court granted the petition and later held that the matter should be remanded to the state trial court for the filing of post-trial motions and the issuance of a *decree nisi*.

While before the state trial court for the second time, plaintiff identified six (6) issues in his exceptions and motions for post-trial relief. The issues included: (1) the state trial court should have granted the first motion to dismiss made by plaintiff; (2) the state trial court erroneously *sua sponte* incorporated evidence from a prior injunction hearing into a hearing on the merits; (3) after the incorporation of evidence, plaintiff's second motion to dismiss should have been granted as Chalkey failed to meet her burden of proof; (4) the state trial court improperly placed the burden on plaintiff to demonstrate that the sale of property was fair; (5) the state trial court erroneously found a confidential relationship; and (6) the state trial court erroneously considered other offers for the property. In response to plaintiff's exceptions and motions for post-trial relief, the state trial court incorporated into the record its earlier August 11, 1998 opinion and order.

Following the state trial court's ruling, plaintiff learned of an existing conflict of interest between the state trial court judge and Chalkey's attorney, defendant Horner. Plaintiff learned that the state trial court had retained Horner to represent the judge in an unrelated estate matter. Although the representation occurred in August 2001, some three (3) years after the state trial court's August 11, 1998 Opinion and Order related to the equity matter, plaintiff filed a motion

to recuse the judge from the case. After some consideration the judge granted the motion and was permanently recused from the case. The matter was transferred to another state court judge. That state court judge considered the matter and dismissed plaintiff's motion for post-trial relief and affirmed the *decree nisi* entered by the prior judge.

On June 12, 2003, plaintiff again filed a notice of appeal to the Superior Court of Pennsylvania. Plaintiff was directed to file a concise statement of matters complained of on appeal. Plaintiff identified the same issues as he had during his earlier appeals with the state trial and appellate courts. The state trial court issued an opinion and order finding that the issues raised by plaintiff had been adequately addressed in the order dismissing plaintiff's motion for post-trial relief.

Plaintiff filed timely appeals with both the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania. The superior court affirmed the trial court's decision and the supreme court denied plaintiff's petition for allowance of appeal.

After plaintiff exhausted his state court appeals, he filed a petition for writ of certiorari to the Supreme Court of the United States. In his petition, plaintiff identified three (3) issues for the Supreme Court to consider. The issues were whether violations of due process occurred under the Fifth and Fourteenth Amendments of the Constitution of the United States where: (a) a state trial court judge concealed his business relationship with the counsel for an opposing party; (b) the state trial judge, without notice, *sua sponte* incorporated testimony of a prior preliminary injunction hearing into a hearing on the merits; and (c) the Superior Court of Pennsylvania determined that the state trial court's denial of plaintiff's first motion to dismiss was proper. The

Supreme Court of the United States denied plaintiff's petition for writ of certiorari and his

subsequent petition for rehearing.

Following his unsuccessful attempts with the Pennsylvania state courts and the Supreme

Court of the United States, plaintiff filed the instant case in this court. Plaintiff's complaint

alleges numerous violations of his Fifth and Fourteenth Amendment rights. Each of the alleged

violations stem from the equity action, which was fully litigated in the Pennsylvania state courts

prior to the filing of this federal court action.

### *Standard of Review*

The threshold issue is whether Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), divest the court of

subject-matter jurisdiction. The burden of establishing subject-matter jurisdiction in the district

court lies with the party seeking to invoke the court's jurisdiction. KVOS, Inc. v. Associated

Press, 299 U.S. 269, 278 (1936); see Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.,

227 F.3d 62, 69 (3d Cir. 2000); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d

746, 748 (Fed. Cir. 1988). If a Rule 12(b)(1) motion challenges the court's subject-matter

jurisdiction based upon the sufficiency of the pleading's allegations, i.e., the movant presents a

"facial" attack on the pleading, then those allegations are taken as true and construed in a light

most favorable to the complainant. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (case

dismissed upon facial attack on complaint, without consideration of extrinsic evidence);

Cedars-Sinai Med. Center v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993); 2A JAMES W.

MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-1], at 12-51 to 52 (1993).

If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject-matter jurisdiction.  See Watkins, 11 F.3d at 1583-84 (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558-59 (9th Cir. 1987)); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1363, at 456-57 (1990)).  Under these circumstances, the allegations in the complaint are not controlling, KVOS, 299 U.S. at 277-79; Trentacosta, 813 F.2d at 1559; Thornhill Publishing Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); 5A WRIGHT & MILLER, supra, § 1363, at 457-58, and only uncontroverted factual allegations are accepted as true for purposes of the motion.  See Gibbs v. Buck, 307 U.S. 66, 72 (1939); Watkins, 11 F.3d at 1583-84; 5A WRIGHT & MILLER, supra, §§ 1350, 1363, at 219-20, 457.  All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact finding by the district court.  Watkins, 11 F.3d at 1583-84; 2A MOORE ET AL., supra, ¶ 12.07 [2.-1],at 12-52; see generally Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990) (drawing distinction between facial and factual challenges to court's subject-matter jurisdiction); Mortensen v. First Fed. Savs. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977).  In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony.  Land v. Dollar, 330 U.S. 731,735 n.4 (1947); Watkins, 11 F.3d at 1584; St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (court properly considered materials outside pleadings to determine whether plaintiff's claim was ripe), cert. denied, 493 U.S. 993 (1989); Reynolds, 846 F.2d at 747; Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 883-84, cert. denied, 479 U.S. 820 (1986).

With these principles in mind, the court concludes that the issues presented here raise a factual challenge to the court's subject-matter jurisdiction, requiring the court to review evidence extrinsic to the pleadings. The court will, therefore, consider the evidence presented in the chronology of events with supporting documents (Doc. No. 41) filed by defendants. Plaintiff did not dispute the relevant facts necessary for the court's decision, which are described in that chronology.

### *Discussion*

The Rooker-Feldman doctrine provides that federal district courts lack subject-matter jurisdiction to review a final decision of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding. Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992) (citing, inter alia, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). The doctrine encompasses final decisions of lower state courts as well. Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 177-78 (3d Cir. 1992).

When a plaintiff seeks to litigate a claim in a federal court, the existence of a state court judgment in another case bars the federal proceeding under the Rooker-Feldman doctrine when entertaining the federal court claim would be the equivalent of an appellate review of that order. See Ernst v. Child & Youth Servs., 108 F.3d 486, 491 (3d Cir. 1997). For that reason, the Rooker-Feldman doctrine applies when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual – in such cases, the claims are

8

inextricably intertwined with the state court's decision.  Id.  (quoting FOCUS v. Allegheny Court

of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)).  See also Marks v. Stinson, 19 F.3d 873,

885 n.11 (3d Cir. 1994).  In other words, the Rooker-Feldman doctrine precludes a federal action

if the relief requested in the federal action would effectively reverse the state decision or void its

ruling.  FOCUS, 75 F.3d at 840; Blake v. Papadakos, 953 F.2d at 71.

This limitation upon federal district court subject-matter jurisdiction derives from 28

U.S.C. § 1257, which provides that "[f]inal judgments or decrees rendered by the highest court of

a state in which a decision could be had, may be reviewed by the Supreme Court . . . ."  See

Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir. 1992) (citations omitted).   In addition to this

formal statutory basis for the Rooker-Feldman doctrine, there are other justifications for the rule.

As with Younger abstention, which requires federal courts to abstain when there is a

pending state court proceeding, part of the justification for the Rooker-Feldman doctrine is

respect for state courts.  See Guarino v. Larsen, 11 F.3d 1151, 1157 (3d Cir. 1993).  Just as

federal district courts should presume that a state court in pending proceedings can correctly

resolve federal questions they should also presume that a state court in completed proceedings

correctly resolved those questions.  Litigation challenging the correctness of the state court's

resolution of the federal questions must be through appellate review in the state courts and

ultimately may be reviewed by the United States Supreme Court – not by a district court.

Another justification for the Rooker-Feldman doctrine stems from its similarity to claim

preclusion.  See Valenti, 962 F.2d at 296.  Like claim preclusion, the Rooker-Feldman doctrine

partly concerns finality, ensuring that litigants do not take multiple bites from the same apple.

Thus, once litigants' claims have been adjudicated in the state court system, they should not also have access to the entire federal court system.

In a recent United States Supreme Court decision, the Court reviewed the Rooker-Feldman doctrine and held that the doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Suadi Basic Industries Corp., 544 U.S. 280, 284 (2005).  The Supreme Court reasoned that, in those instances, federal court complaints should be dismissed for want of subject-matter jurisdiction.  Id. at 283-284.  The Court quoted Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994), for its recognition that "Rooker-Feldman bars a losing party in a state court 'from seeking what in substance would be appellate review of the state judgment in a United State district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights....'"  The Supreme Court found that the Rooker-Feldman doctrine did not apply in Exxon Mobil because the state court judgment at issue in that decision had not been entered prior to the filing of the federal court action.  Exxon Mobil at 293-94.  Here, the state court judgments in issue predate the filing of this action - thereby implicating the applicability of the Rooker-Feldman doctrine.

Defendants assert that this court lacks subject-matter jurisdiction and point out that plaintiff raised his constitutional claims in the petition for writ of certiorari filed with the Supreme Court.  In essence, plaintiff is asking this court to act as an appellate review court of the prior state court decisions as well as the decision of the Supreme Court of the United States to deny certiorari.

In the instant matter, plaintiff is expressly requesting this court to overturn the decisions

of state courts. This court declines, as it must, plaintiff's invitation. This court concludes that it

is divested of subject-matter jurisdiction by reason of the application of the <u>Rooker-Feldman</u>

doctrine. Plaintiff admits in his complaint and related documents that he fully utilized the

Pennsylvania state courts. Indeed, plaintiff appealed his case to the Superior Court of

Pennsylvania twice. He prevailed on one of those appeals when his case was remanded to the

state trial court. Plaintiff litigated the matter before the Supreme Court of Pennsylvania on two

occasions. He prevailed in one of his appeals, which affirmed the superior court's decision

remanding the case. His use of the state courts culminated in the denial of a second mandamus

action by the Supreme Court of Pennsylvania. He also raised his claims for due process

violations with the Supreme Court of the United States. Plaintiff now suggests that this court can

right perceived wrongs that occurred during the state court proceedings. This court, however, is

powerless to do so. Quite simply, the relief requested by plaintiff would require this court to

exercise jurisdiction where Congress has not seen fit to confer it. Were this court to entertain this

complaint it would be effectively engaging in appellate review of the decision of a Pennsylvania

state court, because granting the relief that plaintiffs request would literally nullify the state

courts' judgments.

To illustrate, there is no doubt that any federal constitutional claims asserted by plaintiffs

are inextricably intertwined with the state court judgments at issue because those claims will

succeed only to the extent that the state courts wrongly decided the issues before them. Plaintiff

is not asserting a claim independent from the prior state court judgments. In other words,

plaintiff cannot prevail on his federal claims unless this court finds that the state courts wrongly

decided the state court decisions plaintiff seeks to nullify.  See FOCUS, 75 F.3d at 840; Blake v.

Papadakos, 953 F.2d at 71.  Of course, as previously observed, neither this court, nor any other

lower federal court, has jurisdiction to review a state court judgment under these circumstances.

See Ernst, 108 F.3d at 491 (observing that the United States Supreme Court has exclusive

jurisdiction to review decisions of the state courts for compliance with the United States

Constitution).  "[A]ppellate jurisdiction to reverse or modify a state court judgment is

lodged...exclusively in [the Supreme] Court.  Federal district courts...are empowered to exercise

original, not appellate jurisdiction."  Exxon Mobil, 544 U.S. at 283.  Thus, if a  plaintiff wishes

to reverse or modify a state court judgment in a federal forum, he must file a petition for a writ of

certiorari with the United States Supreme Court.  Plaintiff is apparently aware of this requirement

as he filed a petition for writ of certiorari and that petition was denied by the United States

Supreme Court.  In effect, plaintiff is requesting that this court second guess the Supreme Court.

Obviously, a district court cannot overturn a decision of the Supreme Court.

One argument against application of the doctrine in this case is that the state courts may

not have considered plaintiff's constitutional claims in finding against plaintiff in the equity

action.  This argument is flawed, however, because plaintiff had the opportunity to raise his

claims on appeal on numerous occasions.  Moreover, when a plaintiff has the opportunity to raise

his constitutional claims on appeal and fails to do so, the opportunity alone, is sufficient to

invoke the applicability of the Rooker-Feldman doctrine.  Hollins v. Wessel, 819 F.2d 1073,

1074 (11th Cir. 1987).  Here, plaintiff had every opportunity to raise his claims in the state courts

and did raise these claims before the United States Supreme Court.  Furthermore, the relief

requested by plaintiff is in the nature of rendering the state court judgment null and void.  Indeed,

the first relief requested in several of the wherefore clauses of the plaintiff's complaint requests

that this court "[i]ssue an order declaring the...judgment is a void judgment and as a matter of

law has no legal effect whatsoever...." Compl. at pp. 26, 29 and 31.

For the foregoing reasons, the court concludes that the <u>Rooker-Feldman</u> doctrine is

applicable to the case *sub judice* and that this court lacks subject-matter jurisdiction over

plaintiff's federal claims. The court will, therefore, dismiss plaintiff's complaint. As a result of

the court's determination regarding the application of the <u>Rooker-Feldman</u> doctrine, it is

unnecessary to address other arguments of defendants because those issues are moot.

### *Conclusion*

ACCORDINGLY, this 22nd day of September 2006, after consideration of the

motions of the defendants to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and

(6), and the written submissions of the parties:

IT IS ORDERED that the motion to dismiss filed by the defendants to dismiss plaintiff's

complaint for lack of subject-matter jurisdiction (Docket No. 30) shall be and hereby is

GRANTED because plaintiff is essentially seeking appellate review of state court decisions as

well as the denial of the petition for writ of certiorari by the United States Supreme Court.

IT IS FURTHER ORDERED that plaintiff's motion for relief from judgment (Docket No.

28) and plaintiff's motion for preliminary injunction (Docket No. 33) shall be and hereby are

DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion for sanctions pursuant to F.R.C.P.,

Rule 11 (Docket No. 42) shall be and hereby is DENIED as moot.

The clerk shall mark this case closed.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:    Counsel of Record