**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FRANKLIN D. ROUSH, JR,

        Plaintiff,

          v.

GARY C. HORNER *Individually, as attorney*
*for the Estate of Mary Chalkey, and as an*
*attorney with the law firm Spence, Custer,*
*Saylor, Wolfe and Rose, and as guardian ad*
*litem for Mary Chalkey,* MARY CHALKEY
*deceased, now THE ESTATE OF MARY*
*CHALKEY also known as* MARY MATULA,
THE ESTATE OF MARY CHALKEY,

        Defendants.

Civil Action No.  05-447J

## MEMORANDUM ORDER

CONTI, District Judge

       Pending before the court is a "Motion for Reconsideration to the Order Dated the 22nd day

of September, 2006, Granting Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of

Subject-Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) and the

Written Submissions of the Parties" (the "motion for reconsideration") (Doc. No. 47) filed by

plaintiff Franklin D. Roush, Jr. ("plaintiff").  In the September 22, 2006 memorandum order, this

court dismissed plaintiff's complaint by reason of the applicability of the Rooker-Feldman

doctrine.  Plaintiff was in essence seeking appellate review of state court decisions and of the

denial of plaintiff's petition for writ of certiorari by the United States Supreme Court.  In his

motion for reconsideration, plaintiff essentially attempts to relitigate issues he previously raised

in the above-captioned action which were decided in the September 22, 2006 memorandum order

of this court.  The motion for reconsideration will be denied.


### *Standard of Review*

A motion for reconsideration is granted only if one of three situations is shown: "(1) the

availability of new evidence not previously available, (2) an intervening change in controlling

law, or (3) the need to correct a clear error of law or to prevent manifest injustice."  <u>Reich v.

Compton</u>, 834 F.Supp. 753, 755 (E.D. Pa. 1993).

> Because of the interest in finality, at least at the district court level, motions for
> reconsideration should be granted sparingly; the parties are not free to relitigate
> issues the court has already decided. . . .  Stated another way, a motion for
> reconsideration is not properly grounded in a request for a district court to rethink
> a decision it has already made, rightly or wrongly.

<u>Williams v. Pittsburgh</u>, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).


### *Discussion*

Plaintiff reargues in the motion for reconsideration that the <u>Rooker-Feldman</u> doctrine

should not apply in this case.  Plaintiff, however, fails to show the availability of new evidence

not previously available or an intervening change in controlling law to support his motion for

reconsideration.  Plaintiff's motion for reconsideration, therefore, is best understood as premised

on a need to correct a clear error of law or to prevent manifest injustice.  Plaintiff, however,

cannot meet this burden.

As this court found in its September 22, 2006 order, plaintiff fully utilized the

Pennsylvania state courts to litigate the instant action.  Plaintiff asserts that the state trial court

did not consider plaintiff's constitutional claims when finding against plaintiff in the equity

action.  Plaintiff, however, litigated this matter before both the Superior Court of Pennsylvania

and the Supreme Court of Pennsylvania on different occasions and raised the issues before this

court in his petition for certiorari to the Supreme Court.  This court reiterates that it cannot act as

an appellate court for the Pennsylvania state courts.

  In his motion for reconsideration, plaintiff argues that this court erred when finding that

his federal claims were inextricably intertwined with the issues before the state court.  Plaintiff

asserts that this court has jurisdiction over the instant matter because he was not given an

opportunity to raise his federal claims before the state courts and the Rooker-Feldman doctrine,

therefore, is inapplicable.  Plaintiff specifically points to an alleged conflict of interest which

purportedly was not disclosed until after the order in issue was entered in the state trial court, but

was known at the time of appeal to the state appellate courts.[1]  Plaintiff fails to mention that he

---

  [1]  Plaintiff points to PA.R.CIV.P. 1925(b) and PA.R.CIV.P. 227.1(c)(2) to support his contention that he was precluded from raising this alleged conflict of interest during his appeals in the Pennsylvania state courts.  Plaintiff, however, did not discuss 42 PA. CONS. STAT. ANN. § 706 which provides:

> **§ 706. Disposition Of Appeals.**
>  An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.

Under that authority the state appellate courts have the power to consider matters which occurred after the entry of an order by a state trial court and could remand the case for consideration of those matters.  In Tribune-Review Publishing Co. v. Department of Community and Economic Development, 859 A.2d 1261 (Pa. 2004), the Pennsylvania Supreme Court acknowledged its use of grant, vacate, and remand orders ("GVR Orders").  The court reasoned that GVR Orders are used to indicate that the appellate court has reason to believe that the lower court did not consider something that the appellate court would like to review.  Id. at 1266-67.  The court relied upon

also raised these issues before the United States Supreme Court and the Court denied his petition for writ of certiorari.  Plaintiff ignores the fact that he is inviting this court to act as an appellate court over a decision rendered by the Supreme Court.  Again, the court declines this invitation.

Plaintiff relies on a footnote in Marks v. Stinson, 19 F.3d 873, 885 (3d Cir. 1994), to support his contention that the Rooker-Feldman doctrine does not apply in the instant matter.  Plaintiff's contention, however, is without merit.  In Marks, the district court noted that the Rooker-Feldman doctrine was not applicable for a number of reasons.  For example, the court reasoned that the district court correctly found that the Rooker-Feldman doctrine was not applicable because the parties before the district court were not the parties to any of the proceedings before the state court.  The court reasoned that as non-parties to the prior state court action, the parties were not bound by the state court decision.

Additionally, the district court in Marks determined that the claims before it were not inextricably intertwined with the claims in the state court proceedings.  Specifically, the court

_____

Lawrence on Behalf of Lawrence v. Chater, 516 U.S. 163, 167-68 (1996).  It quoted from Lawrence:

> "Where intervening developments, or recent developments that we have reason to believe the court below did not fully consider, reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation, a GVR order is, we believe, potentially appropriate. . . ."

Tribune-Review, 859 A.2d at 1266-67.  Had the Pennsylvania courts wished to address this issue in a different manner, those courts had the ability and opportunity to do so.  Cf. In re Estate of Townsend, 258 A.2d 518, 520 n.5 (Pa. 1969)(in discussing an allegation of after-discovered evidence, the court noted "that by appellant's own admission the so-called after-discovered evidence was discovered . . . several months before the earlier appeal was argued in this Court, and no remand was sought.")(emphasis in original).

determined that certain constitutional and fraud claims had not been addressed by the state court. Indeed, the state court had dismissed these claims without reaching the merits. Accordingly, the district court was not required to review the state court's decision related to these claims and was not asked to grant relief that would reverse the state court's decision.

The instant matter is completely opposite to the matters considered in <u>Marks</u>. First, the parties before this court are the same parties that were before the Pennsylvania state courts and, therefore, are bound by the judgment of the state court. As the parties are identical, they are precluded from relitigating matters previously decided by the state courts. Additionally, this court previously found that plaintiff's claims *are* inextricably intertwined with the state court action. Indeed, the relief sought by plaintiff would render the state court judgment null and void. The instant matter is a veiled attempt by plaintiff to overturn a state court decision. For these reasons and the reasons set forth in the September 22, 2006 memorandum order, the <u>Rooker-Feldman</u> doctrine is applicable and this court lacks subject-matter jurisdiction over plaintiff's claims. Plaintiff's motion essentially is an attempt to relitigate issues he previously raised in the above-captioned action which were decided in the September 22, 2006 order. There is no basis for the court to revisit these issues yet again. In light of the interest in finality, parties are not free to relitigate issues the court has already decided. For these reasons, plaintiff's motion for reconsideration shall be denied.

**Conclusion**

For the reasons set forth above, and in the September 22, 2006 memorandum order entered in the above-captioned civil action, this motion for reconsideration shall be and hereby is **DENIED**.

By the court,


/s/ Joy Flowers Conti
Joy Flowers Conti
U.S. District Judge

Dated: November 21, 2006

cc:    Counsel of record

6